UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON B. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY A. SCHEMENAUR, et al.,<br><br>Defendants. | CAUSE NO. 1:23-CV-425-HAB-SLC |

OPINION AND ORDER

Jason B. Brown, a prisoner without a lawyer, filed a complaint. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brown was arrested on October 11, 2019, and incarcerated at the Jay County Jail. He alleges that the prosecutors, his public defender, his parole officer, and a mental health liaison tried to force him to submit to mental health care when he did not need or want it. He is suing Chief Prosecutor Wesley A. Schemenaur, Prosecutor Zecheria Landers, Public Defender Jacob P. Dunnuk, Dwight Albrecht, and Indiana Healthcare Liaison Worker Katie Fetters.

Brown claims that a conversation he had with his public defender was recorded and transcribed while he was in the Jay County Jail. In the conversation, Brown asked counsel about reporting a crime of attempted murder. Brown explained that both he and a transport officer, Shawn Mann, were shot in the backs during a transport to Jay County Jail on October 9, 2020. The transport van was allegedly wrecked due to the incident, but Brown says it was never properly reported to the authorities. After this conversation, Brown says the two prosecutors and his public defender conspired against him to complete mental health paperwork and have mental health workers interview him. The mental health workers visited him in April or June 2021. Brown told the mental health people that he did not have a mental health problem and refused to talk to them. He believes these mental health assessments delayed his trial. He heard nothing further about his mental health until his release on October 7, 2021.

Upon his release, Brown had to visit his parole officer, Agent Albrecht, in Blackford County even though Brown lived in Jay County. When he went to see Agent Albrecht, Katie Fetters was present. They wanted to get Brown admitted to a mental health unit. Brown and Albrecht argued about why he had to meet him in Blackford County instead of Jay County, and Brown insisted he did not have a mental health problem and did not need them trying to "force a mental health claim on [him]." ECF 4 at 6.

The meeting ended and Brown walked toward home. He fell and was injured walking along the road and was taken to Ball Memorial Hospital. Albrecht and Fetters came to see Brown at the hospital. Brown says there was no reason for them to visit

him. Fetters wanted him to sign paperwork that she claimed was for insurance. He signed it, but there were blanks that were not filled out. He told her that he "didn't need any mental health filings on [him]" and that he didn't have a mental health problem. *Id.*

Brown has not stated a plausible constitutional claim. The prosecutors are entitled to immunity for their actions in the criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

Brown's public defender is not a state actor who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

As for Agent Albrecht and Katie Fetters, Brown's allegations do not implicate constitutional concerns. Having Brown meet Albrecht in Blackford County, while perhaps less convenient for Brown, does not violate the Constitution. Neither does having Katie Fetters present during that meeting. And, while Agent Albrecht and Katie Fetters may have felt that Brown needed mental health treatment, and Brown may have found this concern unwarranted, Brown has not alleged that he was forced to submit to any treatment. Lastly, the decision to visit Brown at the hospital did not violate his rights. As for the form, it is unclear what the form was for or how he was harmed by signing it. Therefore, he cannot proceed against either Agent Albrecht or Katie Fetters.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this

3

complaint, Brown may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Jason B. Brown until **December 8, 2023**, to file an amended complaint; and

(2) CAUTIONS Jason B. Brown if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 7, 2023.

                                                s/ *Holly A. Brady*
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT